UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>         Plaintiff,<br><br>v.<br><br>THE 357 CORP.<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04cv11454 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II OF THE COMPLAINT**

## I.   INTRODUCTION AND PROCEDURAL HISTORY

The New England Teamsters and Trucking Industry Pension Fund ("the Fund") is a multiemployer ERISA pension fund. This matter involves collection of interim payments of withdrawal liability by the Fund pursuant to the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. 1381 *et seq.*, which amended the Employee Retirement Income Security Act ("ERISA").

Plaintiff requests that this Court issue a judgment on Count II of Plaintiff's Complaint ordering the Defendant to complete to the Withdrawal Liability Questionnaire previously sent to its counsel in accordance with Section 4219(a) of ERISA, 29 U.S.C. 1399(a) and to award the Fund costs and fees incurred as a result of the filing of this motion.

## II.   STATEMENT OF UNDISPUTED FACTS

1. The Fund is an employee benefit plan governed by ERISA. (Complaint, ¶3, Answer ¶3).

2. The Defendant was an employer contributing to the Fund on behalf of its employees pursuant to contracts between the Defendant and various Teamsters Local Unions participating in the Fund. (Complaint ¶6, Answer ¶6).

3. Neither Plaintiff nor Defendant dispute that Defendant permanently ceased to have an obligation to contribute to the Fund; Plaintiff states that the obligation ceased on December 22, 2001 and Defendant claims that the obligation ceased on October 18, 2001. (Complaint ¶6, Answer ¶6).

4. The Defendant has represented to the Fund that it has sold its assets to the Webster Corporation and is no longer operating. (Answer Defendant's Preliminary Statement).

5. The Defendant has withdrawn from the Fund as its obligation to contribute to the Fund ceased. Plaintiff contends that the date of withdrawal was December 22, 2001; Defendants contends that the date of withdrawal is October 18, 2001. (Complaint ¶7, Answer ¶6).

6. By letter dated May 7, 2003 and received by the Defendant on May 8, 2003, the Fund notified the Defendant that the Defendant had withdrawn from the Fund and demanded payment of Defendant's proportionate share of the Fund's unfunded vested benefit liability in accordance with MPPAA. (Complaint ¶10, Answer ¶10).

7. In demanding payment of Defendant's withdrawal liability, the Fund requested immediate payment of the full amount of its liability of $4,865,209.00, or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on July 7, 2003. (Complaint ¶11, Answer ¶11).

8. Defendant has failed to make any payments of withdrawal liability to the Fund. (Complaint ¶ 12, Answer ¶12).

9. On or about July 7, 2004, Plaintiff's counsel sent a letter to Attorney Geoffrey Wermuth that, among other things, requested the Defendant complete a Withdrawal Liability Questionnaire, which would assist the Fund in identifying trades or businesses under common control with Defendant. (Complaint ¶16, Answer ¶16). A true and correct copy of the letter is attached hereto as Exhibit 1 to the Affidavit of Catherine M. Campbell.

      10. Defendant failed to respond to the Questionnaire or to provide the information requested in the Questionnaire.  (Complaint ¶16, Campbell Affidavit ¶ 3).

      11. Defendant has requested arbitration of the withdrawal liability assessed by the Fund and that arbitration is currently pending.

### III.  STANDARD OF REVIEW

      Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Perez De La Cruz v. Crowley Towing and Transportation Co.*, 807 F.2d 1084, 1086 (1st Cir. 1986), *cert. denied*, 487 U.S. 1050 (1987).  "The party opposing summary judgment 'may not rest upon the mere allegations . . . of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial.' Fed. R. Civ. P. 56(e)." *Id.*

### IV.  ARGUMENT

      Congress enacted the MPPAA in 1980 in response to a crisis of underfunding in multiemployer pension plans.  At the time, employers were withdrawing in increasing numbers from multiemployer bargaining units and leaving underfunded pension plans that lacked the ability to pay vested benefits.  *PBGC v. R.A. Gray & Co.*, 467 U.S. 717, 720-722 (1984).  Under the Act, an employer who withdraws from a multiemployer fund is responsible for paying its portion of the Fund's unfunded vested liability. ERISA §4201, 29 U.S.C. §1381. Assessments of withdrawal liability are subject to the mandatory arbitration provisions of the MPPAA.  ERISA §4221, 29 U.S.C. §1401.

3

Pursuant to ERISA §4219(c)(2), 29 U.S.C. § 1399(c)(2), an employer upon whom a demand for withdrawal liability is made is required to make interim payments during the pendency of any review or arbitration proceedings. This "pay now, dispute later" is the unquestioned rule in the First Circuit. *Debrecini v. Merchants Terminal Corporation*, 889 F.2d 1, 5 (1st Cir. 1989); *Giroux Bros. Transportation, Inc. v. New England Teamsters and Trucking Industry Pension Fund*, 73 F.3d 1, 5 (1st Cir. 1996). Thus, a withdrawn employer is required to make interim payments under the MPPAA despite any defenses raised regarding the assessment of withdrawal liability. All such defenses to withdrawal liability are properly the subject of mandatory arbitration.

Further, withdrawal liability is payable not only by the withdrawing employer but also by trades or businesses under common control with the withdrawing employer. These commonly controlled trades or businesses, as defined by Treasury Regulations §§1.414(b)-1 to 1.414(c)-5, are treated as a single entity and are jointly and severally liable for each other's withdrawal liability. ERISA §4001 (b)(1), 29 U.S.C. §1301(b)(1), *P.B.G.C. v. Ouimet Corp.*, 630 F.2d 4, 9-11 (1st Cir. 1980), *cert. denied*; 450 U.S. 914 (1981) and *cert. denied*, 464 U.S. 961 (1983); *Central States Pension Fund v. Koder*, 969 F.2d 451, 452 (7th Cir. 1992); *Central States, Southeast & Southwest Areas Pension Fund v. Rogers*, 843 F. Supp. 1135, 1140 (E.D. Mich. 1992), aff'd 14 F.3d 600 (6th Cir. 1993); *Board of Trustees of Western Conference of Teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 893 (9th Cir. 1988).

There is no dispute that the Defendant was a contributing employer to the Fund. Defendant "withdrew" from the Fund as that term is defined by the MPPAA in that it permanently ceased to have an obligation to contribute to the Fund. It was assessed withdrawal liability in accordance with the notice procedures required by the Act. (Undisputed Facts ¶¶ 1-7). Although arbitration has

4

been requested, the Defendant has not made any interim payments as required. (Undisputed Fact ¶8, 11).

On July 7, 2003, a letter was sent to the Defendant through its counsel which contained a Withdrawal Liability Questionnaire seeking information about the identity of the trades or businesses under common control with the Defendant. The letter notified the Defendant that the request was made pursuant to ERISA Section 4219(a). (Undisputed Statement of Fact, ¶9). ERISA Section 4219(a), 29 U.S.C. 1399(a) states, "An employer shall, within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of this part." The Defendant has refused to give the information to the Fund. (Undisputed Statement of Fact ¶10).

The Trustees of the Fund have a statutory obligation to assess and collect withdrawal liability under the MPPAA. ERISA §4202, 29 U.S.C. §1382. As all trades and businesses under common control with the Defendant are liable for the interim payments of withdrawal liability, this information is necessary in order for the Fund to collect such payments. Given that the Defendant had informed the Fund that it sold its assets and was no longer operating, the Fund was necessarily left to conclude that the Defendant had no funds from which to make interim payments. In fact, no payments have been made. (Undisputed Fact ¶8). The only method by which the Fund can collect the payments is to seek collection from other trades and businesses under common control with Defendant. In short, at the time of the request, this information was and continues to be necessary in order for the Fund to determine the proper defendants in this action.

Section 4219(a), 29 U.S.C. 1399(a) makes compliance with requests for information by a plan sponsor mandatory. *Central States, Southeast And Southwest Areas Pension Fund v. Transport Sales, Inc. et al.* 1988 U.S. Dist. Lexis 17685 (D.C. W.M. 1988). In *Combs v. Miss-*

*ALA Electrical Contractors, Inc.*, 6 EBC 2830 p.3 (D.C. D.C. 1985) the District Court for the District of Columbia ordered an employer in a similar action to furnish relevant information regarding the transactions the "controlled group," as defined in 29 U.S.C. §1301(b)(1). *Id*. It found that such information was "reasonably determined by the plan sponsors to be necessary to their protection of the plan." This is precisely the request made to the Defendant in the instant case. In *Schaffer v. Charles Benjamin, Inc. et al.*, 1992 U.S. Dist. LEXIS 3492; 15 E.B.C. 1392, 4 (1992) *aff'd* 980 F.2d 724 (3rd C. 1992), the Court granted summary judgment to the Plaintiff Fund administrator against an employer for failing to respond to a request made pursuant to ERISA 4219(a), 29 U.S.C. 1399(a). (The above referenced cases are attached for the Court's convenient reference.)

As the information requested in the Fund's Withdrawal Liability Questionnaire is necessary to allow the Fund to collect withdrawal liability, Defendant's obligation to provide the information is mandatory under the Act.

## V. CONCLUSION AND RELIEF REQUESTED

Count II is brought pursuant to ERISA §4301(a)(10, 29 U.S.C. 1451(a)(1) under which a plan fiduciary who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan. . . may bring an action for appropriate legal or equitable relief , . . .or both." There are no material facts in dispute and the statutory mandate to provide the requested information is unambiguous. Therefore, Plaintiff requests that this Court enter a judgment ordering the Defendant provide the information in the Withdrawal Liability Questionnaire within fourteen days of the order. Plaintiff further requests that the Fund be reimbursed for costs and fees incurred in seeking such information as the Defendant ignored a clear mandate to provide the information to

the Fund under the MPPAA. In *Schaffer*, the Court was found liable for "attorneys fees in connection with the Plaintiff's request for documents pursuant to §1399(a)." *Id*. at 4.


Dated: January 14, 2005                     Respectfully submitted,

                                            CHARLES LANGONE, FUND MANAGER, AND
                                            THE TRUSTEES OF THE NEW ENGLAND
                                            TEAMSTERS AND TRUCKING INDUSTRY
                                            PENSION FUND,
                                            By their attorneys,

                                            /s/Catherine M. Campbell
                                            Catherine M. Campbell
                                            BBO #549397
                                            Feinberg, Campbell & Zack, P.C.
                                            177 Milk Street
                                            Boston, MA 02109
                                            (617) 338-1976


### Certificate of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this day by U.S. first-class mail to Geoffrey P. Wermuth, Esq., Murphy, Hesse, Toomey & Lehane, LLP, World Trade Center East, Two Seaport Lane, Boston, MA 02210.
.

                                            /s/Catherine M. Campbell
Date: January 14, 2005                      Catherine M. Campbell