UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>   Plaintiff,<br><br>v.<br><br>THE 357 CORP.<br><br>   Defendant. | C.A. No. 04cv11454 GAO |

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

The Plaintiff seeks to amend, file and serve the attached First Amended Complaint in this matter. Plaintiff filed the original complaint on June 24, 2004, on behalf of the New England Teamsters and Trucking Industry Pension Fund (hereinafter "the Pension Fund") to recover delinquent withdrawal liability payments under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §1381 *et seq*.

**PROCEDURAL HISTORY**

Pursuant to the Scheduling Conference Order on November 12, 2004, Plaintiff filed a Motion for Partial Summary Judgment on Count II of the Complaint on January 14, 2005, in which Plaintiff sought to compel the Defendant to disclose the identity of all trades and businesses under common control with The 357 Corp. These parties are jointly and severally liable for the withdrawal liability assessment and so are proper defendants in this action under MPPAA. However, the Court has not ruled on the Motion, and the Defendant has not complied with the

Fund's request to identify the parties. The present amendment seeks to add those control group entities known to Plaintiff at this time. On June 28, 2005, Plaintiff served this Motion to File a First Amended Complaint upon Defendant's counsel, Attorney Geoffrey Wermuth as required by Local Rule 15.1 (see attached Certificate Pursuant to Local Rule 15.1).

## ARGUMENT

Withdrawal liability is assessed under MPPAA against contributing employers who withdraw from multiemployer pension funds. The assessment represents the withdrawing employer's proportionate share of the Fund's unfunded vested liabilities. The MPPAA holds that all "trades or businesses" under common control with the withdrawing employer are treated as a "single employer." "Control group" entities are those related by common ownership with the withdrawing employer as determined by 26 C.F.R. §1.414(c)-2. 29 U.S.C. §1301(b)(1); *PBGC v. Ouimet*, 630 F.2d 4, *cert. den*. 450 U.S. 914 (1981). This "control group" is jointly and severally liable for payment of the withdrawal liability. 29 U.S.C. §1301(b)(1); *PBGC v. Ouimet*, 630 F.2d 4, cert. den. 450 U.S. 914 (1981).

Defendant The 357 Corp., a contributing employer to the Pension Fund, withdrew from the Pension Fund in December 2001 when the company sold its assets and ceased operation. As a result, Plaintiff demanded payment of withdrawal liability. The Defendant has failed to make payment to the Fund even though such payments are owed while an arbitration[1] of the underlying liability is pending. ERISA Section 4219(c)(2), 29 U.S.C. § 1399(c)(2).

Although Plaintiff has been unable to identify all control group entities as requested in the Withdrawal Liability Questionnaire which is the subject of Count II and the Motion for Partial Summary Judgment, Plaintiff has information to the support the addition of the following entities as

---

[1] Arbitration has been requested in this matter.

2

defendants which, upon information and belief, are control group companies under common control with The 357 Corp. :

>The Trans-Lease Group, Inc.
>Fairlane Acceptance Company
>Westwood Cartage, Inc.
>Labor Plus, Inc., aka The Trans-Lease Group, Inc.
>Atlas Personnel, Inc., aka The Trans-Lease Group, Inc.
>Atlas Truck Leasing, Inc.

F.R.C.P. 15(a) states in pertinent part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The United States Supreme Court has stated that:

"In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. - - the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The inquiry central in each case is whether an amendment would result in undue prejudice to the defendant. *Alberto-Culver Co. v. Gillette Co.*, 408 F.Supp. 1160 (N.D. Ill. 1976) [citing *United States v. Hougham*, 364 U.S. 310, 316 (1960) ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.")].

Joinder of all members of the control group who are jointly and severally liable in one action in no way prejudices the defendant and promotes judicial efficiency. Any delay in adding these parties was caused solely by Defendant's refusal to disclose the identities of such entities as requested by the Fund and required by ERISA Section 4219(a). Further, no discovery schedule has been set in this matter.

**CONCLUSION**

For all the foregoing reasons, Plaintiff requests the Motion to File the First Amended Complaint be granted and requests that the Court accept the filing of the Pleading attached hereto.

Dated:   July 8, 2005

Respectfully submitted,

For the Plaintiff,
CHARLES LANGONE, FUND MANAGER,
By his Attorney,

/S/ Catherine M. Campbell
Catherine M. Campbell
BBO #549397
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA  02109
(617) 338-1976

Certificate of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this day by U.S. first-class mail to Geoffrey P. Wermuth, Esq., Murphy, Hesse, Toomey & Lehane, LLP, World Trade Center East, Two Seaport Lane, Boston, MA 02210.

Date: July 8, 2005

/S/ Catherine M. Campbell
Catherine M. Campbell