UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARGES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>    Plaintiff,<br><br>v.<br><br>THE 357 CORP.; THE TRANS-LEASE GROUP, INC.; FAIRLANE ACCEPTANCE COMPANY; WESTWOOD CARTAGE, INC.; LABOR PLUS, INC. aka THE TRANS-LEASE GROUP, INC. ; ATLAS PERSONNEL, INC. aka THE TRANS-LEASE GROUP, INC.; ATLAS TRUCK LEASING, INC.<br>    Defendants. | C.A. No. 04cv11454 GAO |

FIRST AMENDED COMPLAINT

Count One

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA §502(e)(1) and (2), and ERISA § 4301, 29 U.S.C. 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of

1

ERISA, 29 U.S.C. §1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, 4th Floor, Burlington, MA 01803-4768.

 4. Defendant The 357 Corp. ("Defendant 357") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business in Westwood, Massachusetts and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).-

 5. Defendant The Trans-Lease Group, Inc. ("Defendant Trans-Lease") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

 6. Defendant Fairlane Acceptance Company (Defendant "Fairlane") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

 7. Defendant Westwood Cartage, Inc. ("Defendant Westwood Cartage") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

 8. Defendant Labor Plus, Inc. aka The Trans-Lease Group, Inc. ("Defendant Labor Plus") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

 9. Defendant Atlas Personnel, Inc. aka The Trans-Lease Group, Inc. (Defendant "Atlas Personnel"), is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

 10. Defendant Atlas Truck Leasing Inc. ("Defendant Atlas Truck") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

 11. Teamsters Local Union Nos. 25, 42, 49, 170, 251, 404, 443, 559, 671 are "labor organizations" within the meaning of 29 U.S.C. §152(5).

12. At all material times, Defendant 357 was obligated by the terms of one or more collective bargaining agreements between Defendant and Teamsters Local Union Nos. 25, 42, 49, 170, 251, 404, 443, 559, 671 and by the terms of Agreement and Declarations of Trust to which defendant is bound, to make contributions on behalf of certain employees to the Pension Fund.

13. On or about December 22, 2001, Defendant 357 permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund rules and regulations.

14. By letter dated May 7, 2003 and received by Defendant 357 on May 8, 2003 the Pension Fund notified Defendant 357 that Defendant 357 had withdrawn and demanded payment of Defendant 357 proportionate share of the Pension Fund's unfunded vested benefit liability.

15. In demanding payment of the withdrawal liability, the Pension Fund requested immediate payment of the full amount of Defendant 357's liability of $4,865,209 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on July 7, 2003.

16. Defendants have not made any payments in accordance with the Pension Fund's demands.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

      d.  all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

### Count Two

17. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1- 16 of this Complaint.

18. By letter dated July 7, 2003, the Pension Fund requested information from Defendant through its counsel, which would permit the Fund in to comply with MPPAA, particularly in connection with its statutory obligation to collect withdrawal liability.

19. Defendant was obligated to respond to this request within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. 1399(a) and has failed to produce such evidence.

WHEREFORE, plaintiff demands that judgment enter against Defendant in accordance with 29 U.S.C. §1451:

1. Awarding the Pension Fund all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering that the defendant respond to the Plaintiff's request for information which would assist in collecting the withdrawal liability owed; and

3. Awarding such other, further and different relief as may be just and proper.

Count Three
(As Against the Trans-Lease Group)

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 of this Complaint as if set forth herein.

21. Upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, there was at least an 80% overlap in the ownership of the total combined voting power of all classes of stock of Defendant 357 entitled to vote and the total value of shares of all classes of stock of Defendant Trans-Lease.

22. Defendant Trans-Lease is a trade or business under "common control" with Defendant 357 within the meaning of 26 C.F.R. §1.414(c)-2.

23. Defendant Trans-Lease, as a trade or business under common control with Defendant 357, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

24. Defendant Trans-Lease is jointly and severally liable for the withdrawal liability of Defendant 357.

25. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Trans-Lease has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

      c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

      d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Count Four<br>(As Against the Fairlane Acceptance Corporation)

26. Plaintiff hereby incorporates by reference paragraphs 1 through 25 of this Complaint as if set forth herein.

27. Upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, there was at least an 80% overlap in the ownership of the total combined voting power of all classes of stock of Defendant 357 entitled to vote and the total value of shares of all classes of stock of Defendant Fairlane.

28. Alternatively, upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, Defendant Fairlane was a wholly owned subsidiary of Defendant Trans-Lease.

29. Defendant Fairlane is a trade or business under "common control" with Defendant 357 within the meaning of 26 C.F.R. §1.414(c)-2.

30. Defendant Fairlane, as a trade or business under common control with Defendant 357, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

31. Defendant Fairlane is jointly and severally liable for the withdrawal liability of Defendant 357.

32. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Fairlane has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability;

    b. interest on the withdrawal liability from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count Five
### (As Against the Westwood Cartage, Inc.)

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32 of this Complaint as if set forth herein.

34. Upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, there was at least an 80% overlap in the ownership of the total combined voting power of all classes of stock of Defendant 357 entitled to vote and the total value of shares of all classes of stock of Defendant Westwood Cartage.

35. Alternatively, upon information and belief, Defendant Westwood Cartage is a wholly owned subsidiary of Defendant Trans-Lease.

36. Defendant Westwood Cartage is a trade or business under "common control" with Defendant 357 within the meaning of 26 C.F.R. §1.414(c)-2.

37. Defendant Westwood Cartage, as a trade or business under common control with Defendant 357, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

38. Defendant Westwood Cartage is jointly and severally liable for the withdrawal liability of Defendant 357.

39. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Westwood Cartage has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

    1. Awarding the Pension Fund the following amounts:

        a. the withdrawal liability;

        b. interest on the withdrawal liability from the date the payment was due;

        c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

        d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

    2. Ordering such other and further relief as this court may deem just and proper.

Count Six
(As Against the Labor Plus)

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 of this Complaint as if set forth herein.

41. Upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, there was at least an 80% overlap in the ownership of the total combined voting power of all classes of stock of Defendant 357 entitled to vote and the total value of shares of all classes of stock of Defendant as against Labor Plus.

42. Alternatively, upon information and belief, Defendant Labor Plus is a wholly owned subsidiary of Defendant Trans-Lease.

43. Defendant Labor Plus is a trade or business under "common control" with Defendant 357 within the meaning of 26 C.F.R. §1.414(c)-2.

44. Defendant Labor Plus, as a trade or business under common control with Defendant 357, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

45. Defendant Labor Plus is jointly and severally liable for the withdrawal liability of Defendant 357.

46. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Labor Plus has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

  2. Ordering such other and further relief as this court may deem just and proper.

Count Seven
(As Against the Atlas Personnel)

47. Plaintiff hereby incorporates by reference paragraphs 1 through 46 of this Complaint as if set forth herein.

48. Upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, there was at least an 80% overlap in the ownership of the total combined voting power of all classes of stock of Defendant 357 entitled to vote and the total value of shares of all classes of stock of Defendant as against Atlas Personnel.

49. Alternatively, upon information and belief, Defendant Atlas Personnel is a wholly owned subsidiary of Defendant Trans-Lease.

50. Defendant Atlas Personnel is a trade or business under "common control" with Defendant 357 within the meaning of 26 C.F.R. §1.414(c)-2.

51. Defendant Atlas Personnel, as a trade or business under common control with Defendant 357, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

52. Defendant Atlas Personnel is jointly and severally liable for the withdrawal liability of Defendant 357.

53. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Atlas Personnel has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Count Eight
(As Against the Atlas Truck Leasing, Inc.)

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 of this Complaint as if set forth herein.

55. Upon information and belief, on the date of the withdrawal of Defendant 357 from the Fund, there was at least an 80% overlap in the ownership of the total combined voting power of all classes of stock of Defendant 357 entitled to vote and the total value of shares of all classes of stock of Defendant Atlas Truck.

56. Alternatively, upon information and belief, Defendant Atlas Truck Leasing is a wholly owned subsidiary of Defendant Trans-Lease.

57. Defendant Atlas Truck is a trade or business under "common control" with Defendant 357 within the meaning of 26 C.F.R. §1.414(c)-2.

58. Defendant Atlas Truck , as a trade or business under common control with

Defendant 357, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

59. Defendant Atlas Truck is jointly and severally liable for the withdrawal liability of Defendant 357.

60. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Atlas Truck has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

   e. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated:  August 15, 2005                    Respectfully submitted,


                                           Catherine M. Campbell
                                           BBO #549397
                                           FEINBERG, CAMPBELL & ZACK, P.C.
                                           177 Milk Street, Suite 300
                                           Boston, MA 02109
                                           (617) 338-1976

                                           /S/ Catherine M. Campbell
                                           Attorney for plaintiff,
                                           Charles Langone

<u>CERTIFICATE OF SERVICE</u>

     I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the Pension Benefit Guaranty Corporation.

|  |  |
|---|---|
|  | <u>/S/ Catherine M. Campbell</u> |
| Date: August 15, 2005 | Catherine M. Campbell |