UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>THE 357 CORP.; THE TRANS-LEASE GROUP, INC.; FAIRLANE ACCEPTANCE COMPANY; WESTWOOD CARTAGE, INC.; LABOR PLUS, INC. aka THE TRANS-LEASE GROUP, INC. ; ATLAS PERSONNEL, INC. aka THE TRANS-LEASE GROUP, INC.; ATLAS TRUCK LEASING, INC.<br><br>Defendants. | C.A. No. 04cv11454 GAO |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The Plaintiff seeks to amend, file and serve the attached Second Amended Complaint in this matter. This is an action filed on behalf of the New England Teamsters and Trucking Industry Pension Fund (hereinafter "the Pension Fund") to recover delinquent withdrawal liability payments under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §1381 *et seq*.

By Motion and Order of this Court, the Plaintiff filed his First Amended Complaint on July 8, 2005, adding as defendants entities which were, upon information and belief, under common control with The 357 Corp., the original defendant in this action. All such entities are jointly and severally liable for the payment of withdrawal liability to the Pension Fund. On September 16, 2005, the Court found in favor of Plaintiff with respect to Count II of the Complaint and ordered The 357 Corp. to complete a withdrawal liability questionnaire disclosing all trades and businesses

Case 1:04-cv-11454-GAO    Document 19    Filed 11/28/2005    Page 2 of 3

under common control with the corporation. On October 17, 2005, The 357 Corp. complied with the Order.

Plaintiff now seeks to amend the complaint by withdrawing Count II of the Complaint, amending each count to conform to the evidence presented in the questionnaire and adding four new defendants, National Traffic Systems, Inc., McCarthy Industries, Inc.; Archon Co., Inc., and Warehouse Transport, Inc. identified in the questionnaire as control group entities not currently parties to the current action.

In addition, deposition and documentary evidence has indicated that on or about October 18th, 2001, Defendants The 357 Corp. and Atlas Personnel, Inc., as Sellers, entered into separate Asset Purchase Agreements with The Webster Corporation, as Purchaser. It was the sale of assets that led to the withdrawal of The 357 and Atlas Personnel, Inc. from the Pension Fund. Pursuant to the provisions of these Agreements, the Webster Corporation assumed the withdrawal liability of Defendants The 357 Corp. and Atlas Personnel, Inc. in twenty percent increments beginning on the date of the sale and continuing through April 2005. Plaintiff seeks to add The Webster Corporation as a Defendant to this action on the grounds that the Pension Fund is an intended Third Party Beneficiary to said Asset Purchase Agreements and thus able to enforce The Webster Corporation's agreement to assume the withdrawal liability. The Webster Corporation through entities under its common control is at present a contributing employer to the Fund.

F.R.C.P. 15(a) states in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

2

By filing the Second Amended Complaint, Plaintiff seeks to conform the First Amended Complaint to the newly disclosed evidence in this matter and to include in one action all parties, including the Webster Corporation, liable for the payment of the withdrawal liability assessment in the amount of $4,865,209 owed to the Pension Fund. As a discovery schedule has not been set, there will be no undue delay or prejudice to the current defendants or to the new party as a result of the filing of the Second Amended Complaint. In fact, Counsel for the present defendants has given his written consent to the filing of this Second Amended Complaint (see attached). The Motion to Amend and a copy of the Second Amended Complaint was served upon The Webster Company in compliance with Local Rule 15(a) on November 14, 2005.

## **CONCLUSION**

The granting of this Motion to File a Second Amended Complaint will serve judicial economy by joining in one collection action those parties alleged to be liable for the payment of the withdrawal liability. Further, given the status of the proceeding at this time, there is no prejudice to the adverse parties by allowing this motion. For all the foregoing reasons, Plaintiff requests the Motion to File the Second Amended Complaint be granted and requests that the Court accept the filing of the Pleading attached hereto.

Dated:   November 14, 2005                    Respectfully submitted,

                                              For the Plaintiff,
                                              CHARLES LANGONE, FUND MANAGER,
                                              By his Attorney,

                                              /S/ Catherine M. Campbell
                                              Catherine M. Campbell
                                              BBO #549397
                                              Feinberg, Campbell & Zack, P.C.
                                              177 Milk Street
                                              Boston, MA  02109
                                              (617) 338-1976