UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>    Plaintiff,<br><br>v.<br><br>THE 357 CORP.; THE TRANS-LEASE GROUP, INC.; FAIRLANE ACCEPTANCE COMPANY; WESTWOOD CARTAGE, INC.; LABOR PLUS, INC. aka THE TRANS-LEASE GROUP, INC. ; ATLAS PERSONNEL, INC. aka THE TRANS-LEASE GROUP, INC.; ATLAS TRUCK LEASING, INC.; NATIONAL TRAFFIC SYSTEMS, INC. ; MCCARTHY INDUSTRIES,INC.; ARCHON CO., INC.; WAREHOUSE TRANSPORT, INC., THE WEBSTER CORP.<br><br>    Defendants. | C.A. No. 04cv11454 GAO |

SECOND AMENDED COMPLAINT

Parties and Jurisdiction

1.    This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2.    This court has jurisdiction and venue lies in this district pursuant to ERISA §502(e) (1) and (2), 29 U.S.C. 1131(e)(1) and (2), ERISA § 4301, 29 U.S.C. §1451 and alternatively with respect to Defendant The Webster Corporation, 28 U.S.C. 1367.

3.      Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).  The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3).  The Pension Fund has its principal office at and is administered from One Wall Street, 4th Floor, Burlington, MA 01803-4768.

4.      Defendant The 357 Corp. ("Defendant 357") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business in Westwood, Massachusetts and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

5.      Defendant Atlas Personnel, Inc. aka The Trans-Lease Group, Inc. (Defendant "Atlas Personnel"), is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts and an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business in Westwood, Massachusetts and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

6.      Defendant The Trans-Lease Group, Inc. ("Defendant Trans-Lease") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

7.      Defendant Fairlane Acceptance Company (Defendant "Fairlane") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

8.      Defendant Westwood Cartage, Inc. ("Defendant Westwood Cartage") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

9. Defendant Labor Plus, Inc. aka The Trans-Lease Group, Inc. ("Defendant Labor Plus") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

10. Defendant Atlas Truck Leasing Inc. ("Defendant Atlas Truck") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

11. Defendant National Traffic Systems, Inc. ("Defendant National Traffic") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

12. Defendant McCarthy Industries, Inc. ("Defendant McCarthy Industries") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

13. Defendant Archon Co., Inc. ("Defendant Archon") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

14. Defendant Warehouse Transport, Inc. ("Defendant Warehouse") is a Massachusetts corporation with a principal place of business in Westwood, Massachusetts.

15. Defendant The Webster Corporation ("Defendant Webster") is a Massachusetts corporation with a principal place of business in Burlington, Massachusetts.

16. Teamsters Local Union Nos. 25, 42, 49, 170, 251, 404, 443, 559, 671 are "labor organizations" within the meaning of 29 U.S.C. §152(5).

Count One
(As against Defendant The 357 Corp.)

17. At all material times, Defendant 357 was obligated by the terms of one or more collective bargaining agreements between Defendant 357 and Teamsters Local Union Nos. 25, 42, 49, 170, 251, 404, 443, 559, 671 and by the terms of the Agreement and Declarations of Trust of the Pension Fund to which Defendant 357 was bound to make contributions on behalf of certain employees to the Pension Fund.

18. On or about December 22, 2001, Defendant 357 permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund rules and regulations.

19. By letter dated May 7, 2003 and received by Defendant 357 on May 8, 2003 the Pension Fund notified Defendant 357 that Defendant 357 had withdrawn and demanded payment of Defendant 357's proportionate share of the Pension Fund's unfunded vested benefit liability.

20. In demanding payment of the withdrawal liability, the Pension Fund requested immediate payment of the full amount of Defendants 357's liability of $4,865,209 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on July 7, 2003.

21. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant 357 has failed to make interim payments of the assessed withdrawal liability.

Count Two
(As Against the Atlas Personnel)

22. Plaintiff hereby incorporates by reference paragraphs 1 through 21 of this Complaint as if set forth herein.

23. At all material times, Defendant Atlas Personnel was obligated by the terms of one or more collective bargaining agreements between Defendant Atlas Personnel and Teamsters Local Union Nos. 25, 42, 49, 170, 251, 404, 443, 559, 671 and by the terms of the Agreement and Declarations of Trust of the Pension Fund to which Defendant Atlas Personnel was bound to make contributions on behalf of certain employees to the Pension Fund.

24. On or about December 22, 2001, Defendant Atlas Personnel permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund rules and regulations.

25. By letter dated May 7, 2003 and received by Defendant Atlas Personnel on May 8, 2003 the Pension Fund notified Defendant Atlas Personnel that Defendant Atlas Personnel had withdrawn and demanded payment of Defendant Atlas Personnel's proportionate share of the Pension Fund's unfunded vested benefit liability.

26. In demanding payment of the withdrawal liability, the Pension Fund requested immediate payment of the full amount of Defendants Atlas Personnel's liability of $4,865,209 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on July 7, 2003.

27. Defendant Atlas Personnel is a trade or business under "common control" with Defendants 357 within the meaning of 26 C.F.R. §1.414(c)-2.

28. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Atlas Personnel has failed to make interim payments of the assessed withdrawal liability.

Count Three
(As Against the Trans-Lease Group)

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 of this Complaint as if set forth herein.

30. Defendant Trans-Lease is a trade or business under "common control" with Defendant 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

31. Defendant Trans-Lease, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

32.     Defendant Trans-Lease is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

33.     In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Trans-Lease has failed to make interim payments of the assessed withdrawal liability.

### Count Four
### (As Against the Fairlane Acceptance Corporation)

34.     Plaintiff hereby incorporates by reference paragraphs 1 through 33 of this Complaint as if set forth herein.

35.     Defendant Fairlane is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

36.     Defendant Fairlane, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

37.     Defendant Fairlane is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

38.     In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Fairlane has failed to make interim payments of the assessed withdrawal liability.

### Count Five
### (As Against the Westwood Cartage, Inc.)

39.     Plaintiff hereby incorporates by reference paragraphs 1 through 38 of this Complaint as if set forth herein.

40.     Defendant Westwood Cartage is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

41.     Defendant Westwood Cartage, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

42.     Defendant Westwood Cartage is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

43.     In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Westwood Cartage has failed to make interim payments of the assessed withdrawal liability.

Count Six
(As Against the Labor Plus)

44.     Plaintiff hereby incorporates by reference paragraphs 1 through 43 of this Complaint as if set forth herein.

45.     Defendant Labor Plus is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

46.     Defendant Labor Plus, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

47.     Defendant Labor Plus is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

48.     In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Labor Plus has failed to make interim payments of the assessed withdrawal liability.

Count Seven
(As Against the Atlas Truck Leasing, Inc.)

49.     Plaintiff hereby incorporates by reference paragraphs 1 through 48 of this Complaint as if set forth herein.

50.  Defendant Atlas Truck is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

51.  Defendant Atlas Truck, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

52.  Defendant Atlas Truck is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

53.  In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Atlas Truck has failed to make interim payments of the assessed withdrawal liability.

Count Eight
(As Against the National Traffic Systems, Inc.)

54.  Plaintiff hereby incorporates by reference paragraphs 1 through 53 of this Complaint as if set forth herein.

55.  Defendant National Traffic is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

56.  Defendant National Traffic, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

57.  Defendant National Traffic is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

58.  In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant National Traffic has failed to make interim payments of the assessed withdrawal liability.

Count Nine
(As Against the McCarthy Industries, Inc.)

59. Plaintiff hereby incorporates by reference paragraphs 1 through 58 of this Complaint as if set forth herein.

60. Defendant McCarthy Industries is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

61. Defendant McCarthy Industries, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

62. Defendant McCarthy Industries is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

63. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant McCarthy Industries has failed to make interim payments of the assessed withdrawal liability.

Count Ten
(As Against the Archon Co., Inc.)

64. Plaintiff hereby incorporates by reference paragraphs 1 through 63 of this Complaint as if set forth herein.

65. Defendant Archon Co. is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

66. Defendant Archon Co., as a trade or business under common control with

Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

67. Defendant Archon Co. is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

68. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Archon Co. has failed to make interim payments of the assessed withdrawal liability.

Count Eleven
(As Against Warehouse Transport, Inc.)

69. Plaintiff hereby incorporates by reference paragraphs 1 through 68 of this Complaint as if set forth herein.

70. Defendant Warehouse Transport is a trade or business under "common control" with Defendants 357 and Atlas Personnel within the meaning of 26 C.F.R. §1.414(c)-2.

71. Defendant Warehouse Transport, as a trade or business under common control with Defendants 357 and Atlas Personnel, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

72. Defendant Warehouse Transport is jointly and severally liable for the withdrawal liability of Defendants 357 and Atlas Personnel.

73. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Archon Co. has failed to make interim payments of the assessed withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter against Defendants The 357 Corp.; The Trans-Lease, Group, Inc., Fairlane Acceptance Company, Westwood Cartage, Inc., Labor Plus, Inc. aka The Trans-Lease Group, Inc., Atlas Personnel, Inc. aka The

Trans-Lease Group, Inc., Atlas Truck Leasing, Inc., National Traffic Systems, Inc., McCarthy Industries, Inc., Archon Co., Inc., and Warehouse Transport, Inc. jointly and severally, in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the first payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count Twelve
### (As Against the Webster Corporation)

74.  Plaintiff hereby incorporates by reference paragraphs 1 through 73 of this Complaint as if set forth herein.

75.  On or about October 21, 2001, Defendant Webster, as Purchaser, entered into Asset Purchase Agreements ("the Agreements") with Defendants 357 and Atlas Personnel, as Sellers. A true and correct copy of the Agreements are attached hereto as Exhibits 1 and 2.

76.  Pursuant to the terms of the Agreements, Defendants Webster, The 357 Corp. and Atlas Personnel, acknowledged the unfunded withdrawal liability of the Sellers to the Pension Fund.

11

77. Pursuant to the terms of the Agreements, Defendant Webster assumed Twenty Percent (20%) of the Defendants 357 and Atlas Personnel unfunded pension liability on the Closing Date of the Agreements, an additional Twenty Percent of the Sellers' unfunded pension liability on April 1, 2004, an additional Twenty Percent of the Sellers' unfunded pension liability on or after April 1, 2005.

78. The Pension Fund is the intended third party beneficiary of the aforementioned Agreements.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Webster in accordance with the Agreements attached to this complaint and/or pursuant to ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

   a. the withdrawal liability;

   b. interest on the withdrawal liability from the date the payment was due;

   e. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

   f. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated:  November 28, 2005               Respectfully submitted,

                                        Catherine M. Campbell
                                        BBO #549397
                                        FEINBERG, CAMPBELL & ZACK, P.C.
                                        177 Milk Street, Suite 300
                                        Boston, MA 02109
                                        (617) 338-1976

                                        /S/ Catherine M. Campbell
                                        Attorney for plaintiff,
                                        Charles Langone

CERTIFICATE OF SERVICE

     I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the Pension Benefit Guaranty Corporation.

                                        /S/ Catherine M. Campbell
Date:  November 28, 2005                Catherine M. Campbell