UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>       Plaintiff,<br><br>       v.<br><br>THE 357 CORP.; THE TRANS-LEASE GROUP, INC.; FAIRLANE ACCEPTANCE COMPANY; WESTWOOD CARTAGE, INC.; LABOR PLUS, INC. aka THE TRANS-LEASE GROUP, INC. ATLAS PERSONNEL, INC. aka THE TRANS-LEASE GROUP, INC.; ATLAS TRUCK LEASING, INC.;<br><br>       Defendants. | Civ. A. No. 04 11454-GAO |

## THE WEBSTER CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

  The Webster Corporation ("Webster") opposes Plaintiff's Motion for Leave to File the Second Amended Complaint ("Motion") insofar as Plaintiff seeks to add a common law breach of contract claim against Webster, a new party to the action (Count Twelve of Plaintiff's proposed Second Amended Complaint). Webster opposes Plaintiff's Motion on the following grounds:

  1. To allow Plaintiff's Motion would be futile because (i) this Court lacks supplemental jurisdiction over the common law contract claim against Webster. This claim involves an entirely different case and controversy from the action to recover delinquent withdrawal liability payments under ERISA from other unrelated parties; (ii) the contractual provisions relied upon by the Plaintiff conflict with the enforcement mechanism provided by ERISA, and, as a result,

- 2 -

are preempted by federal law; (iii) Count Twelve of Plaintiff's proposed amended complaint fails to state a claim upon which relief may be granted because Plaintiff was not an intended third-party beneficiary of the contractual provisions upon which Plaintiff relies in its claim against Webster.

2.  Plaintiff inexcusably, and without explanation, delayed in amending its Complaint. Plaintiff knew of the underlying transactions that allegedly triggered the withdrawal liability as early as 2001, yet has offered nothing but conclusory statements to explain the delay in seeking to add a claim against Webster. Plaintiff's request now comes more than seventeen months after having first filed a Complaint in June 2004 and after Plaintiff was already allowed to amend the Complaint.

## CONCLUSION

For the above reasons, as more fully discussed in Webster's memorandum in support of its opposition, Webster respectfully requests that the motion for leave to file a Second Amended Complaint be denied.

>                   THE WEBSTER CORPORATION
>                   By its attorney,
>
>
>                   /s/ ___Neil Jacobs_____ ____
>                   Neil Jacobs  (BBO #249300)
>                   Wilmer Cutler Pickering Hale and Dorr LLP
>                   60 State Street
>                   Boston, Massachusetts 02109
>                   (617) 526-6000

Dated:  December 21, 2005

- 3 -

## CERTIFICATE OF SERVICE

     I, Neil Jacobs, hereby certify that I caused a true and accurate copy of the above document and the Memorandum in Support of Webster's Opposition to Plaintiff's Motion for Leave to File the Second Amended Complaint to be mailed by U.S. first-class mail to Catherine M. Campbell, Esq., Feinberg, Campbell & Zack, P.C., 177 Milk Street, Boston, MA 02109, and Geoffrey P. Wermuth, Esq, Murphy, Hesse, Toomey & Lehane, LLP, World Trade Center East, Two Seaport Lane, Boston, MA 02210 on this 21st day of December, 2005.

                                /s/ __Neil Jacobs____
                                   Neil Jacobs