02/25/2003 15:30 FAX                    1 761 728 8540;            Feb-25-03 17:30;            Page 2/3
Sent By: HP LaserJet 3100;

# AGREEMENT

This Agreement is made, effective as of October 18, 2001, between Atlas Personnel, Inc. and The 357 Corporation (the "Sellers"), Massachusetts corporations with a usual place of business situated in Westwood, Massachusetts, and The Webster Corporation ("Webster"), a Massachusetts corporation with a usual place of business situated in Burlington, Massachusetts, and Manfi Leasing Corp. ("Manfi"), a Massachusetts corporation with a usual place of business in Somerville, Massachusetts. Webster and Manfi will hereinafter be collectively referred to as "the Purchaser." The term "Purchaser" shall also be deemed to include any subsequent purchaser, assignee, transferee, acquirer of, or successor, other than Seller, provided that such party executes an assent to be bound by this Agreement in a form acceptable to the New England Teamsters and Trucking Industry Pension Fund.

WHEREAS, the Sellers have entered into certain Asset Purchase Agreements with the Purchaser, dated October 18, 2001 (the "Asset Purchase Agreements"); and such Asset Purchase Agreements constitute a bona fide sale of assets (the "Sale") in an arms-length transaction of unrelated parties pursuant to ERISA Section 4204(a)(1); and

WHEREAS, Atlas Personnel and The 357 Corporation acknowledge their status as "Sellers" for purposes of the application of ERISA Section 4204 to the Sale described above; and

WHEREAS, Webster and Manfi are corporations under common control and constitute a single employer pursuant to ERISA Section 4001(b)(1), and as such, acknowledge their status as "Purchaser" pursuant to ERISA Section 4204; and

WHEREAS, the parties wish to resolve all issues between them as to any withdrawal liability of Sellers resulting from Sellers' withdrawal from the New England Teamsters and Trucking Industry Pension Fund ("the Fund").

NOW, THEREFORE, in consideration of the foregoing premises and the covenants set forth below, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The Purchaser agrees to continue to contribute to the Fund for substantially the same number of contribution base units for which the Sellers had an obligation to contribute to the Fund prior to the Sale pursuant to the Asset Purchase Agreements and Purchaser agrees to assume all withdrawal liability thereunder.

2. The Sellers will provide the Fund with a bond for Two Million Six Hundred Ninety-Seven Thousand Three Hundred Thirty-Seven and 00/100 Dollars ($2,697,337.00) and keep such a bond (the "Bond") in effect for the first five plan years after the Sale (the "Five Year Period"). The Bond will be payable to the Fund if the Purchaser withdraws from the Fund or fails to make a contribution to the Fund when due at any time during the Five Year Period. Any failure by the Sellers to renew the Bond so that the Bond remains in effect for the Five Year Period shall be deemed a "purchaser withdrawal," as described in ERISA Section 4204(a)(2).

02/25/2003 15:31 FAX
Sent By: HP LaserJet 3100;    1 781 729 8840;    Feb-25-03 17:30;    Page 3/3

3. The Sellers will be secondarily liable to the Fund for the Five Year Period if Purchaser withdraws from the Fund or fails to make withdrawal payments. The amount of withdrawal liability, if any, shall be determined by ERISA Sections 4204(a)(2) and (3). The amount of the Sellers' withdrawal liability, in any case, shall not exceed Four Million Eight Hundred Sixty Five Thousand Two Hundred and Nine and 00/100 Dollars ($4,865,209.00).

4. If all, or substantially all, of the Sellers' assets are distributed or if the Sellers are liquidated before the end of the Five Year Period, then the Sellers shall provide a bond or amount in escrow equal to the present value of the withdrawal liability the Sellers would have had but for this Agreement.

5. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective administrators, representatives, successors and assigns.

6. If the Sellers hereinafter resumes covered operations pursuant to the Agreement and Declaration of Trust of the New England Teamsters and Trucking Industry Pension Fund and pursuant to ERISA §4207, the Sellers' withdrawal liability will be determined in accordance with §4207 and all applicable regulations thereto.

7. This Agreement shall be governed by and interpreted and construed in accordance with the laws of the Commonwealth of Massachusetts. If any provision of this Agreement shall, for any reason, be adjudged by any court of competent jurisdiction to be invalid or unenforceable, in whole or in part, such judgment shall not affect, impair or invalidate the remainder of the Agreement.

8. This Agreement may be executed in counterparts, all of which taken together shall constitute one and the same instrument. This Agreement may be signed by facsimile signature.

THE WEBSTER CORPORATION

By /s/ Thomas A. DiSilva
, President

MANFI LEASING COMPANY

By /s/ Thomas A. DiSilva
, President

ATLAS PERSONNEL, INC.

By /s/ [signature]
, President

THE 357 CORPORATION

By /s/ [signature]
, President