UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11454-GAO

CHARLES LANGONE, as FUND MANAGER
of the NEW ENGLAND TEAMSTERS AND
TRUCKING INDUSTRY PENSION FUND,
Plaintiff,

v.

THE 357 CORP.; THE TRANS-LEASE GROUP, INC.;
FAIRLANE ACCEPTANCE COMPANY; WESTWOOD
CARTAGE, INC.; LABOR PLUS, INC. a/k/a THE TRANS-LEASE
GROUP, INC.; ATLAS PERSONNEL, INC., a/k/a THE TRANS-LEASE
GROUP, INC.; and ATLAS TRUCK LEASING, INC.,
Defendants.

ORDER ON MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT
September 28, 2006

O'TOOLE, D.J.

After hearing, the plaintiff's motion for leave to file a second amended complaint (dkt. no. 18) is GRANTED. The issues that divided the parties as to whether the motion should be granted can be briefly addressed.

As to subject matter jurisdiction for the claim against Webster Corporation, I think there is clearly jurisdiction *at least* under 28 U.S.C. § 1367(a) (2000). I am not persuaded that it is in the interests of justice to exercise the discretion available under that statute to decline jurisdiction. 28 U.S.C. § 1367(b). In light of this basis for jurisdiction, it is not necessary to rule definitively on whether there is jurisdiction under 29 U.S.C. § 1451(a)(1).

The claim against Webster, as framed by the plaintiff, is not pre-empted. The claim against Webster is founded on general rules of contract law, so it is not based on a state law that has "reference to" ERISA. See Pharm. Care Mgmt. Assoc. v. Rowe, 429 F.3d 294, 303-04 (1st Cir. 2005). Similarly, application of the state rules of law concerning third-party intended beneficiaries do not threaten uniform national administration of the regulation or oversight of employee benefit plans. See id. at 302-03. Additionally, though the enforcement of such state rules may provide a remedy to the plaintiff not otherwise available under ERISA, those rules lie within an area of the law that it is traditionally the States' prerogative to enforce, and permitting their enforcement here would have "no real bearing on the intricate web of relationships among the principal players in the ERISA scenario." Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136, 141-42 (1st Cir. 2000).

The statement of the claim is sufficient under Massachusetts law. The claim specifically alleges that the plaintiff is an intended beneficiary of the agreements to which Webster is a party. There may be fact-based defenses that can be raised by Webster to the claim, but the objection to the statement of the allegations, taken as true for purposes of considering the sufficiency of the pleading, lacks merit.

Finally, the objection on the ground of timeliness of the proposed amendment is not persuasive.

The second amended complaint may be filed.

It is SO ORDERED.

September 28, 2006                                             George A. O'Toole, Jr.

2

DATE                                              DISTRICT JUDGE

DATE                                              DISTRICT JUDGE