UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Charles Langone, as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund,<br>    Plaintiff<br><br>v.<br><br>The 357 Corp.; The Trans-Lease Group, Inc.; Fairlane Acceptance Company; Westwood Cartage, Inc.; Labor Plus, Inc. AKA the Trans-Lease Group, Inc.; Atlas Personnel, Inc.; Atlas Truck Leasing, Inc.; National Traffic Systems, Inc.; McCarthy Industries, Inc.; Archon Co., Inc.; Warehouse Transport, Inc.; The Webster Corp.,<br>    Defendants | CA CV No. 11454-GAO |

## DEFENDANTS'1 ANSWER

Now come all the Defendants except The Webster Corp. (collectively "The 357 Corp" or "The Defendant"), and make answer to Plaintiff's Second Amended Complaint as follows:

**Defendant The 357 Corp.'s Preliminary Statement:**

    A.    In an unrelated arm's-length transaction, the Defendant sold all its assets to Webster Corporation, which Defendant understood was a wholly owned subsidiary of the DaSilva Group, in October, 2001. Those assets essentially consisted of a service contract to provide drivers mostly for a large supermarket operation; the sales price was $250,000.00 - $10,000 attributable to good will, and the remainder to the value of the contract, to be paid out over three years. The remainder of this receivable is the only remaining asset of the Defendant;

    B.    All the Defendant's employees, including supervisors, went to work for the purchaser. The purchaser has continued contributions to the Plaintiff Fund on

---

1    For all Defendants except The Webster Corp., who is separately represented.

        behalf of those employees, who are doing the same work under the same contracts. The Fund has suffered no loss whatsoever. The group of which the purchaser is a part is one of the Fund's biggest contributors and there is no reason to believe its contribution level will decrease;

C.      Nevertheless, the Fund has sought a withdrawal liability payment from the Defendant in the amount of $4,865,209.00, to be paid either in full or at approximately $250,000.00 <u>per month</u> for the next twenty (20) months;

D.      Under 29 USC sec. 1381(b), an employer's withdrawal liability is to be adjusted "in accordance with section 1405 [ERISA Section 4225] of this title." The Fund has grossly and wilfully miscalculated the amount due by failing to take into account ERISA Section 4225, 29 U.S.C. sec. 1405. Section 4225 requires, in a sale of assets (a determination which the Fund has never contested), that the Fund make a particular calculation, which it has reported to the Defendant it cannot and will not do. Under an Opinion Letter issued by the Pension Benefit Guaranty Corporation, No. 82-8, (attached as Exhibit #1 and incorporated herein by reference) if this calculation cannot be done then the Defendant's withdrawal liability is calculated on a sliding scale pursuant to ERISA Section 4225(a)(1)(A), 29 U.S.C. sec. 1405(a)(1)(A), which effectively limits the Defendant's withdrawal liability to 30% of its net asset value after the sale. Since the sale price of the Defendant was only $250,000, the Defendant's withdrawal liability cannot be more than 30% of that amount.

E.      The Defendant submitted its tax returns for the relevant years to the Fund in response to the Fund's information request, but the Fund has ignored the information contained in those returns in assessing withdrawal liability.

F.      Now, after sitting on its hands for almost three years and spurning every effort to broker a compromise, the Fund finally seeks to have this Court order the Defendant to write out a $5 million check to the Fund when the Fund cannot demonstrate a penny's loss.

Count One

1.    Paragraph No. 1 states a legal conclusion to which no response is required.

2.    Admit.

3.    Admit.

4.    Defendant The 357 Corp. admits that it <u>was</u> an "employer" as so defined, but that such status ceased effective October 18, 2001, when it sold its assets.

5. Defendant Atlas Personnel, Inc. aka The Trans-Lease Group, Inc., admits that it <u>was</u> an "employer" as so defined, but that such status ceased effective October 18, 2001, when it sold its assets.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

<u>Count One</u>
(As against Defendant The 357 Corp.)

17. Admit that it was so bound up until October 18, 2001.

18. Admit.

19. Admit.

20. Defendant admits that Plaintiff demanded payment of a withdrawal liability in the amount of $4,865,209.00, based upon a calculation made under ERISA Section 4211(c)(2), 29 USC sec. 1391(c)(2). Defendant denies the accuracy of that amount and the use of Section 4211(c)(2), 29 USC sec. 1391(c)(2).

Further answering:

a. On October 18, 2001, The 357 Corporation, a driver leasing company, sold all its assets to The Webster Corporation, which Defendant was led to believe was a wholly owned subsidiary of the DaSilva Group, one of the Fund's biggest contributors. Specifically, The 357 Corp. sold the rights to its principal contract, its good will and employee records. The purchase price for The 357 Corp., was $250,000.00, $10,000.00 in cash at the time of sale and the remaining $240,000.00 to be paid out in equal monthly payments over a three (3) year period. $240,000.00 of the purchase price was allocated to the principal contract, and $10,000.00 to goodwill;

b. To the Defendant's knowledge, all of its employees, including supervisors, were hired by The Webster Corporation and remain employed by The Webster Corporation performing the same work they performed while employed by The 357 Corp. The Plaintiff Fund continues to receive pension payments for these employees. The Fund has not suffered any loss as a result of this transaction. Moreover, there is no reason to believe that the purchaser is not and will not remain a financially viable operation; the DaSilva Group is one of the major participants in and contributors to the Fund;

c. The Defendant 357 Corp. has provided the Plaintiff Fund with copies of its federal income tax returns for the years 2000 and 2001. The reported loss for The 357 Corp. was $731.00. This figure includes the monies paid as a result of the sale. The only asset of The 357 Corp. is the remaining income stream from the sale, which is less than $200,000.00;

d. While denominated as a sale of assets, the substance of the transaction effectively has been a merger or consolidation of the seller's covered operations with those of the purchaser, which under ERISA Section 4218, 29 U.S.C. sec. 1398, does not constitute a withdrawal by the seller. This is evidenced by the continued employment by Webster of the former 357 Corp. employees, their continuance in performing covered operations attributable to the seller and the continuation of the purchaser contributing substantially the same number of contribution base units to the Fund on their behalf. The Webster Corp. is servicing the conveyed contracts with the former employees of The 357 Corp., and making contributions to the Fund. In terms of the day-to-day covered operations engaged in by the employees, little if anything has changed as a practical matter. Even the manager of the former 357 Corp. operations is employed by the Webster Corp., as well as some office staff. Thus since the substance of the transaction does not constitute a withdrawal in any event, there is no withdrawal liability at all;

e. The Fund calculated withdrawal liability pursuant to ERISA Section 4211(c)(2).

>   Even if the Fund is correct that ERISA Section 4218, 29 U.S.C. sec. 1398, does not apply, this transaction still qualified as a "sale of assets" under ERISA Section 4225(a), 29 USC sec. 1405(a) (an assertion which the Fund has never contested), and thus the Fund was required to make a certain calculation to determine the "unfunded vested benefits attributable to employees of the employer," rather than an ordinary withdrawal liability calculation under Section 4211(c)(2), 29 USC sec. 1391(c)(2), which the Fund has reported it "is neither able nor required" to do;
>
> f.   Under Opinion Letter 82-8, issued by the Pension Benefit Guaranty Corporation, the failure of the Fund to make such calculation means that the Defendant is liable only under a sliding scale pursuant to ERISA Section 4225(a)(1)(A), 29 USC sec. 1405(a)(1)(A), which effectively limits the Defendant's withdrawal liability to 30% of its net asset value after the sale. Since the sale price of the Defendant was only $250,000, the Defendant's withdrawal liability cannot be more than 30% of that amount, which is far, far less than the demanded amount of almost $5 million. See also 29 USC sec. 1381(b)(employer's withdrawal liability to be adjusted "in accordance with section 1405 of this title").
>
>   Further answering, it would cause irreparable harm to the Defendant to be required to make interim payments where its assets are only about 4% of the asserted withdrawal liability and the Fund has sat on its hands for three years since the withdrawal. The Defendant would have no alternative but to seek the protection of the Bankruptcy Court should an interim payment order issue.

21. Admit failure to make interim payments, deny that this violated ERISA.

Count Two
(as against Atlas Personnel)

22. Defendant hereby incorporates by reference paragraphs 1-21 as though fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admit.

28. Denied.

Count Three
(As against the Trans-Lease Group)

29. Defendant hereby incorporates by reference paragraphs 1-28 as though fully set forth herein.

30. Admit.

31. Paragraph 31 states legal conclusions to which no response is required.

32. Paragraph 32 states legal conclusions to which no response is required.

33. Admit failure to make interim payments, deny that this violates ERISA.

Count Four
(As against the Fairlane Acceptance Corporation)

34. Defendant hereby incorporates by reference paragraphs 1-33 as though fully set forth herein.

35. Admit.

36. Paragraph 36 states legal conclusions to which no response is required.

37. Paragraph 37 states legal conclusions to which no response is required.

38. Admit failure to make interim payments, deny that this violates ERISA.

Count Five
(As against the Westwood Cartage, Inc.)

39. Defendant hereby incorporates by reference paragraphs 1-38 as though fully set forth herein.

40. Admit.

41. Paragraph 41 states legal conclusions to which no response is required.

42. Paragraph 42 states legal conclusions to which no response is required.

43. Admit failure to make interim payments, deny that this violates ERISA.

Count Six
(As against the Labor Plus)

44. Defendant hereby incorporates by reference paragraphs 1-43 as though fully set forth herein.

45. Admit.

46. Paragraph 46 states legal conclusions to which no response is required.

47. Paragraph 47 states legal conclusions to which no response is required.

48. Admit failure to make interim payments, deny that this violates ERISA.

Count Seven
(As against the Atlas Truck Leasing, Inc.)

49. Defendant hereby incorporates by reference paragraphs 1-48 as though fully set forth herein.

50. Admit.

51. Paragraph 51 states legal conclusions to which no response is required.

52. Paragraph 52 states legal conclusions to which no response is required.

53. Admit failure to make interim payments, deny that this violates ERISA.

Count Eight
(As against the National Traffic Systems, Inc.)

54. Defendant hereby incorporates by reference paragraphs 1-53 as though fully set forth herein.

55. Admit.

56. Paragraph 56 states legal conclusions to which no response is required.

57. Paragraph 57 states legal conclusions to which no response is required.

58. Admit failure to make interim payments, deny that this violates ERISA.

Count Nine<br>(As against the McCarthy Industries, Inc.)

59. Defendant hereby incorporates by reference paragraphs 1-58 as though fully set forth herein.

60. Admit.

61. Paragraph 61 states legal conclusions to which no response is required.

62. Paragraph 62 states legal conclusions to which no response is required.

63. Admit failure to make interim payments, deny that this violates ERISA.

Count Ten<br>(As against the Archon Co., Inc.)

64. Defendant hereby incorporates by reference paragraphs 1-63 as though fully set forth herein.

65. Admit.

66. Paragraph 66 states legal conclusions to which no response is required.

67. Paragraph 67 states legal conclusions to which no response is required.

68. Admit failure to make interim payments, deny that this violates ERISA.

Count Eleven<br>(As against the Warehouse Transport, Inc.)

69. Defendant hereby incorporates by reference paragraphs 1-68 as though fully set forth herein.

70. Admit.

71. Paragraph 71 states legal conclusions to which no response is required.

72. Paragraph 72 states legal conclusions to which no response is required.

73. Admit failure to make interim payments, deny that this violates ERISA.

<u>Count Twelve</u>
(As against the Webster Corporation)

74. Defendant hereby incorporates by reference paragraphs 1-73 as though fully set forth herein.

75. Not applicable.

76. Not applicable.

77. Not applicable.

78. Not applicable.

|  |  |
|---|---|
|  | Respectfully Submitted by Defendants The 357 Corp. et al (excluding The Webster Corp.) By their attorney |
|  | /s/ Geoffrey P. Wermuth Geoffrey P. Wermuth, BBO #559681 Murphy, Hesse, Toomey & Lehane, LLP World Trade Center East, 4th Fl. 2 Seaport Lane Boston, MA 02210 |
| Date: October 4, 2006 | (617) 479-5000 |

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 4th day of October, 2006.

<u>/s/</u> Geoffrey P. Wermuth